JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re U.S. DIRECT, LLC, Debtor | Case No. SA CV 20-2131-DMG |
| DEREK DOHERTY, | **ORDER RE BANKRUPTCY APPEAL [1]** |
| Appellant, | |
| v. | |
| JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE, | Bankruptcy No.: 8:19-bk-11218-MW |
| Appellee. | |

Before the Court is an appeal by Appellant Derek Doherty of an Order of the United States Bankruptcy Court for the Central District of California. [Doc. # 1]. On April 2, 2021, the Court received notice that the bankruptcy record was complete. [Doc. # 16].

Doherty submitted his Opening Brief on March 21, 2021, and Appellee Jeffrey I. Golden, the Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of US Direct, LLC ("US Direct"), submitted his Answering Brief on April 20, 2021. [Doc. ## 9, 17.] Doherty

did not respond to the Trustee's brief, and his time for doing so has passed. Fed. R. Bankr. P. 8018(a). The Court therefore decides the matter on the two briefs before it.

The Court has considered the papers filed in support of and in opposition to the appeal and deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's Order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2019, Future Logistics, Inc. filed an involuntary Chapter 7 bankruptcy petition against US Direct. *See* No. 8:19-bk-112180-MW (Bankr. C.D. Cal.). Prior to its bankruptcy, US Direct was a direct mail business. *See* Appellant's Appendix ("AA") at A53 [Doc. # 9-1]. On September 5, 2019, the Trustee filed a motion to appoint Brian Hauck and Derek Doherty as Debtors pursuant to Federal Rule of Bankruptcy Procedure 9001(5), and to direct them to cooperate with the Trustee pursuant to 11 U.S.C. §§ 341, 343, and 521. *Id.* at A45. On October 7, 2019, the Bankruptcy Court held a hearing regarding the Trustee's motion. AA at A69. At the hearing, Doherty's attorney represented to the Court that Doherty had resigned as an officer of US Direct sometime earlier that same day. Since the Court was unsure as to whether Doherty's purported resignation would preclude his designation as the "Debtor," the Court denied the Trustee's motion without prejudice as to Doherty, while granting it as to Hauck. *Id.* at A129.

After the Trustee and Doherty filed supplemental briefs, the Bankruptcy Court granted the Trustee's Motion as to Doherty on October 16, 2020. The Bankruptcy Court held that Doherty was a "controlling . . . member" of US Direct and a "person in control" of it within the meaning of Federal Rule of Bankruptcy Procedure 9001(5), which provides that if the debtor is a corporation, the Court can designate "any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling shareholder or member, or any other person in control" as the "Debtor" for purposes of

compelling the attendance of the Debtor for examination. Fed. R. Bankr. P. 9001(5)(A); *Id.* at A164-67.

The Bankruptcy Court found that Doherty was a "Debtor" within the meaning of rule 9001(5) because: (1) US Direct's Operating Agreement stated that "[t]he management of the business is invested [sic] in the Member," and the Operating Agreement identifies Doherty and Hauck as "Members"; and (2) Hauck testified that "Mr. Doherty was, for all purposes, the controlling partner in the Debtor, while [Hauck] was more of a figurehead . . . Mr. Doherty controlled the Debtor's day-to-day operations . . . Mr. Doherty made all final business decisions." *Id.* at A165-66. The Bankruptcy Court concluded that the "pattern and practice" of US Direct was that Doherty was the controlling person and ran the business, and therefore designated Doherty as the Debtor for purposes of complying with Rule 9001(5). *Id.* at A166.

The Bankruptcy Court then required Doherty to produce documents requested by the Trustee pursuant to Federal Rule of Bankruptcy Procedure 2004(c), which permits a bankruptcy court to order an "entity" to produce documents. *Id.* at A166-67. The Trustee sought to compel Doherty to produce documents relating to the "transfers of money or other property from the Debtor to various persons (including various legal entities)." Doherty objected to the production of these documents by asserting his Fifth Amendment privilege against self-incrimination. The Bankruptcy Court concluded that Doherty cannot rely upon this Fifth Amendment privilege because an individual must produce the records of a "collective entity" that are in his possession in a representative capacity. *Id.*

On October 29, 2020, Doherty filed his Notice of Appeal of the Bankruptcy Court's decision designating him as the "Debtor" and compelling him to produce documents. [Doc. # 1.]

## II.
## STANDARD OF REVIEW

A district court reviews a Bankruptcy Court's conclusions of law and interpretation of the Bankruptcy Code *de novo*. *In re Greene*, 583 F.3d 614, 618 (9th Cir.

2009) (citing *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005)).  Factual findings are reviewed for clear error.  *Id.*  A district court must accept the Bankruptcy Court's factual findings unless, upon review, the "court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge."  *Id.* (citing *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004)).

## III.
## DISCUSSION

**A.    Designation of Doherty as the Debtor**

The Bankruptcy Court's conclusion that Doherty was a "person in control" of the US Direct, such that he could be a Debtor under Rule 9001(5), is a finding of fact.  The Court therefore reviews it under the highly deferential "clear error" standard.  Doherty presents no evidence from which to find that the Bankruptcy Court clearly erred.

Doherty was one of two members listed on the Debtor's Operating Agreement who were expressly tasked with "management of the business."  In addition, the other member, Hauck, submitted a declaration stating that Doherty was the controlling partner who oversaw US Direct's day-to-day operations and made all final business decisions.  Hauck, compared to Doherty, "was more of a figurehead."  AA at A164-167.  Doherty presented no evidence to controvert this account before the Bankruptcy Court, and he does not do so now.  There is no error in concluding that Doherty was sufficiently in control of the Debtor based on this evidence.

Doherty primarily argues that he cannot be designated as a Debtor because he supposedly resigned from his position at US Direct after the Trustee filed its motion.  First, the Bankruptcy Court appears to have rejected the factual contention that Doherty "resigned" the same morning as the hearing, which was based solely on the representation of Doherty's counsel.  Second, the Bankruptcy Petition was filed on April 1, 2019, and Doherty is said to have resigned from his position on October 7, 2019—over six months after the filing of the Petition.  AA at A129.  The filing of the Bankruptcy Petition is the point in time at "which the status and rights of the bankrupt, the creditors, and the trustee

in other particulars are fixed." *In re Gilbraith*, 523 B.R. 198, 203 (Bankr. D. Ariz. 2014) (quoting *Myers v. Matley*, 318 U.S. 622, 626 (1943)). The Petition date of April 1, 2019 is therefore the relevant date for determining who can be designated as the Debtor, and any attempt to resign after then is irrelevant. *See In re Red River Energy, Inc.*, 409 B.R. 163, 176 (Bankr. S.D. Tex. 2009) ("In determining whom to appoint as the Debtor's representative, this Court also believes that any 'persons' who fall into any of the categories set forth in Bankruptcy Rule 9001(5) must have ties to the Debtor at the time of the filing of the bankruptcy petition."); *In re N.W. Associates, Inc.*, 245 B.R. 183, 188 (Bankr. E.D.N.Y. 1999) ("As of the petition date, [they] were persons 'in control' of the Debtor as defined in Bankruptcy Rule 9001(5)."); *In re Continuum Care Services, Inc.*, 375 B.R. 692, 694 (Bankr. S.D. Fla. 2007) (former CEO was the person most knowledgeable "concerning the acts, conduct or property of the Debtor and concerning its liabilities and financial condition as of the filing of the involuntary petition").[1]

This rule makes sense, because in a bankruptcy proceeding, the appointment of a trustee effectuates the "ouster" of a corporate debtor's management. *See Commodity Futures Trading Commn. v. Weintraub*, 471 U.S. 343, 352–53 (1985) (during Chapter 7 bankruptcy proceedings, "the powers of the debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are completely ousted.") (internal quotations omitted). Doherty cannot resign from a position from which

---

[1] Doherty makes the confusing argument that this line of reasoning relies on an outdated version of the Bankruptcy Code, from prior to 1978 when debtors received an automatic grant of immunity from criminal prosecution for their testimony and consequently could not invoke the Fifth Amendment. *See In re THC Financial Corp.*, 446 F. Supp. 1337, 1338 (D. Haw. 1978). Setting aside the fact that, as shown above, there are plenty of post-1978 cases supporting the Trustee's position, though this case does involve the invocation of the Fifth Amendment, it is unclear how the presence or absence of an automatic immunity has anything to do with the designation of a Debtor under Rule 9001(5). Doherty also attempts to make a distinction out of the fact that this is an involuntary bankruptcy, but that is a distinction without a difference. Many cases have named individual corporate representatives as Debtors in involuntary proceedings. *See, e.g.*, *Red River Energy*, 409 B.R. at 166; *N.W. Associates*, 245 B.R. at 184-185.

he had already been "ousted."[2] If the "person in control" of the corporation were not fixed at the petition date, then corporate management would effectively never be able to be designated as the Debtor under Rule 9001(5). This cannot be. The Rule expressly refers to the corporate debtor's "officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control." Fed. R. Bankr. P. 9001(5).

Since Doherty did not "resign" until six months after the petition date, his "resignation" does not preclude him from designation as the Debtor under Rule 9001(5). Moreover, the evidence in the record indicates that Doherty was and continued to be a person in control.

**B.      The Collective Entity Doctrine**

The collective entity rule provides that an individual is not permitted to invoke a Fifth Amendment privilege to preclude the production of the records of a corporation. *See Bellis v. United States*, 417 U.S. 85, 88 (1974). The Bankruptcy Court held that under this rule, Doherty could not invoke the Fifth Amendment to prevent the production of US Direct's records in his possession. Doherty cites the Ninth Circuit's summary disposition in *In re Grand Jury Proceedings*, 71 F.3d 723 (9th Cir. 1995) ("*Mora*"), which held that the collective entity rule does not apply to a former employee who is no longer acting on behalf of the collective entity. But Doherty was not a former employee at least as of the petition date, which as discussed is the relevant date in determining the status of the parties in bankruptcy proceedings. Moreover, the brief holding in *Mora* rested entirely upon the Second Circuit's decision in *In re Grand Jury Subpoenas Duces Tecum Dated June 13, 1983 & June 22, 1983*, 722 F.2d 981 (2d Cir. 1983) ("*Saxon*"). *Saxon* involved a narrow exception to the collective entity rule where the act of document production itself, aside from the content of the documents, might incriminate a former employee because the former employee's removal and possession of

---

[2] The "complete ouster" rule applies in involuntary bankruptcies. *See In re C.W. Mining Co.,* 636 F.3d 1257, 1265 (10th Cir. 2011) (the contention that the "complete ouster" rule should not apply in involuntary bankruptcies "runs entirely counter to the very purpose of Chapter 7 bankruptcy.").

corporate documents is probative of a guilty state of mind. *Id.* at 987. That is not the situation here. Additionally, *Saxon* may no longer be good law, and district courts in the Ninth Circuit have read *Mora* and *Saxon* narrowly. *See In re Grand Jury Subp. Dated Nov. 12, 1991, FGJ 91-5 (MIA)*, 957 F.2d 807, 810 (11th Cir. 1992) (rejecting *Saxon* due to intervening Supreme Court case law); *United States v. Prince*, No. CR 10-00153 JF (PSG), 2011 WL 13150172, at *2 n.7 (N.D. Cal. July 25, 2011) ("Neither *Saxon* nor *Mora*, however, addressed the circumstances present here, where the target is not merely a former employee but a founder and shareholder of the corporate entities at issue[.]").

The Bankruptcy Court correctly applied the collective entity rule in concluding that Doherty could not invoke the Fifth Amendment to shield the production of US Direct's corporate records in his possession. Doherty provides no facts or law that would suggest this decision was erroneous.

## IV.
## CONCLUSION

In light of the foregoing, the Court **AFFIRMS** the Bankruptcy Court's ruling designating Doherty as a "Debtor" pursuant to Federal Rule of Bankruptcy Procedure 9001(5) and compelling the production of documents pursuant to Federal Rule of Bankruptcy Procedure 2004.

**IT IS SO ORDERED.**

DATED: July 25, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court